**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-108-JWD** |
| **ERIC J. WICKER** | |

**RULING AND ORDER**

This matter comes before the Court on the *Motion for Term of Modification of Imprisonment / Memorandum Petition to Judge to Request for Compassionate Release* (Doc. 54) filed by *pro se* Petitioner Eric Wicker ("Petitioner"). The United States opposes the motion. (Doc. 58.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Petitioner's motion is denied.

Petitioner pled guilty to one count of possession of a firearm by a convicted felon and was sentenced by upward departure to a term of fifty-one (51) months imprisonment. (Docs. 33; 34 at 1–2; 37 at 2.) He is currently incarcerated at the United States Penitentiary (USP) in Beaumont, Texas, and has served twenty months of his sentence. (Docs. 54 at 2; 58 at 1.) Petitioner now moves "[p]ursuant to 18 U.S.C. § 3582(c)(1)(A)(1) of the 'First Step Act,' based on the Corona Virus [COVID 19] pandemic" and "The CARES Act (Corona Virus and Relief Economic Security Act), which states in Section 12003(b)(2) of this Act gives (sic) the District Court jurisdiction to 'immediate release' a[n] inmate to 'home confinement.' " (Doc. 54 at 1 (emphasis omitted).)

Petitioner lists certain factors that are to be considered by the Bureau of Prisons (BOP)[1] and urges that they weigh in favor of compassionate release. (Doc. 54 at 2-4.)

The Government opposes the motion. (Doc. 58.) After describing in detail the BOP's efforts to prepare for and deal with COVID-19 (including the use of a home confinement program), the Government argues, among other things, that the compassionate release statute requires exhaustion of remedies and that the Petitioner has failed to do so. (Doc. 58 at 3-9, 12-14.)

In short, the Government is correct. The compassionate release statute now provides

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case--
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > (i)    extraordinary and compelling reasons warrant such a reduction; . . .
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Thus:

> as the statute makes plain, prior to filing motions for release in the district court, a prisoner must first exhaust his administrative remedies either by fully exhausting

---

[1] *See* Memorandum from Attorney General William Barr to Director of the BOP, "Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic" (March 26, 2020), *available at* https://www.justice.gov/file/1262731/download.

administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier."

*United States v. Koons*, No. CR 16-214-05, 2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "The administrative-exhaustion provision is set out in mandatory terms—the district court can modify a sentence only after the defendant has exhausted administrative remedies." *Id.* "This mandatory language includes no exceptions, equitable or otherwise." *Id.*

Here, Defendant's motion is wholly silent about whether he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or whether 30 days lapsed "from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A). The Government, on the other hand, represents in its opposition that "USP Beaumont has confirmed that Wicker has not requested compassionate release from the warden." (Doc. 58 at 12.)

Consequently, because Petitioner has failed to exhaust his administrative remedies, this Court must apply the mandatory exhaustion requirement described above and deny Petitioner's motion for lack of jurisdiction. *See Koons*, 2020 WL 1940570, at *3 ("this Court cannot forgive Koons's failure to exhaust, and without exhaustion, the Court lacks jurisdiction over his motion.") (citing, *inter alia*, *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Reeves requests."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at

3

*3 (M.D. La. Apr. 1, 2020) ("The Defendant concedes that he has failed to comply with the exhaustion requirements under the statute; therefore, this motion is not ripe for review."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: . . . Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.").

Accordingly,

**IT IS ORDERED** that the *Motion for Term of Modification of Imprisonment / Memorandum Petition to Judge to Request for Compassionate Release* (Doc. 54) filed by *pro se* Petitioner Eric Wicker is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Petitioner exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on <u>April 29, 2020</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**